**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | ) | Chapter 15 |
| | ) | |
| NORTHSTAR FINANCIAL SERVICES (BERMUDA) LTD.,[1] | ) ) ) | Case No. 20-12792 (SCC ) |
| Debtor in Foreign Proceeding. | ) ) ) | |

**TEMPORARY RESTRAINING ORDER AND ORDER**
**SHORTENING NOTICE OF MOTION SEEKING PROVISIONAL RELIEF**

Upon the *Motion for (I) Ex Parte Emergency Relief and (II) Provisional Relief Pursuant to Sections 1519, 1521(a)(3), 1521(a)(7) and 362 of the Bankruptcy Code* (the "Motion") seeking to apply section 362 of the Bankruptcy Code to stay and restrain BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, any non-debtor entity potentially affiliated with the Debtor and all holders of claims against the Debtor filed on behalf of Rachelle Frisby and John Johnston of Deloitte Ltd., in their capacities as the joint provisional liquidators and authorized foreign representatives (the "Petitioners" or "JPLs") for Northstar Financial Services (Bermuda) Ltd. ("Debtor"), in provisional liquidation currently pending before the Supreme Court of Bermuda (the "Bermuda Court"), Companies (Winding Up) Commercial Court, 2020: No. 304 (the "Bermuda Proceeding"); and upon consideration of the Petition for Recognition,[2] the Memorandum of Law, and the Frisby Declaration; it is

HEREBY FOUND AND DETERMINED THAT:[3]

---

[1] Northstar (defined herein), a foreign Debtor, is a Bermuda limited company with a registered address in Bermuda of Ocorian Services (Bermuda) Limited, Victoria Place, 5th Floor, 31 Victoria Street, Hamilton, HM 10, Bermuda.
[2] Capitalized terms not otherwise defined herein shall carry the meanings ascribed to them in the Motion.
[3] To the extent any of the findings of fact herein constitute conclusions of law, they are adopted as such. To the extent any of the conclusions of law herein constitute findings of fact, they are adopted as such.

2

A. The Petitioners have demonstrated a reasonable probability that the Bermuda Proceeding will be recognized as a foreign main proceeding pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code, or, in the alternative, as a foreign nonmain proceeding under sections 1502(5) and 1517(b)(2) of the Bankruptcy Code.

B. The Petitioners have demonstrated that, in the absence of the Requested Relief, the Petitioners, the Debtor, its creditors, and other parties in interest will suffer immediate and irreparable harm for which they will have no adequate remedy at law, and therefore it is necessary that the Court grant the relief requested without prior notice to parties in interest or their counsel.

C. The Petitioners have demonstrated that the Requested Relief is urgently needed and will neither cause an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of this restraining order.

D. The Petitioners have carefully crafted the Requested Relief to ensure that it does not inconvenience any parties other than BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, any non-debtor entity potentially affiliated with the Debtor and the holders of claims against the Debtor.

E. The interest of the public and will be served by this Court's granting of the Requested Relief.

F. The Requested Relief is in the best interests of the Debtor, its creditors, and other parties in interest.

G. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, as well as the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated as of January 31, 2012, Reference M-431, *In re*

*Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

    H.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    I.  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1410.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

    1.  Section 362 of the Bankruptcy Code applies with respect to the Debtor and the property of the Debtor that is within the territorial jurisdiction of the United States; for the avoidance of doubt, the stay will operate to stay and restrain BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, any non-debtor entity potentially affiliated with the Debtor, all holders of claims against the Debtor, the parties in *Oscar Manguy and Karla Meza v. Northstar Financial Services, Ltd. and First Bank, NA* in the Superior Court for the State of California (the "California Action"), the parties to *PB Life & Annuity Co. Ltd. v. Universal Life Ins. Co.,* Case No. 20-3122 (2d Cir.) (the "ULICO Appeal"), the parties to <u>Southland National Insurance Corporation in Rehabilitation, Bankers Life Insurance Company, in Rehabilitation, Colorado Bankers Life Insurance Company, in Rehabilitation, and Southland National Reinsurance Corporation, in Rehabilitation v. Greg E. Lindberg, Academy Association, Inc., Edwards Mill Asset Management, LLC, and Private Bankers Life and Annuity Co., Ltd. a/k/a PB Life and Annuity Company, Ltd.</u>, *Gen. Court of Justice, Superior Court Division (Wake County), No. 19 CVS 013093*  (the "NC Insurance Rehabilitation Action"), and the parties to *Gustavo Ortega Trujillo and Priscilla Illingworth Ashton v. SunTrust Investment Services, Inc.,* FINRA DR Arbitration No.20-02941 (the "SunTrust Arbitration" together with the California Action, the ULICO Appeal and the NC Insurance Rehabilitation Action, the "Pending Proceedings") from:

(a)  commencing or continuing any actions against the Debtor or its property within the territorial jurisdiction of the United States as further defined in 11 U.S.C. § 1502(8) ("Assets");

(b)  acting to enforce any judicial, quasi-judicial, administrative or monetary judgment, assessment or order or arbitration award against the JPLs (in their capacities as JPLs or foreign representatives of the Debtor), the Debtor or the Assets;

(c)  commencing or continuing any action or proceeding in the United States to create, perfect or enforce any lien, setoff or other claim against the JPLs (in their capacities as JPLs or foreign representatives of the Debtor), the Debtor or the Assets unless otherwise expressly permitted by the Bermuda Order;

(d)  seeking the issuance of or issuing any restraining notice or other process of encumbrance with respect to the JPLs (in their capacities as JPLs or foreign representatives of the Debtor), the Debtor or the Assets unless otherwise expressly permitted by the Bermuda Order; and

(e)  transferring, relinquishing or disposing of any Assets to any person or entity other than the JPLs (in their capacities as JPLs or foreign representatives of the Debtor).

2.  All rights and remedies of BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Greg E. Lindberg, Global Growth, any non-debtor entity potentially affiliated with the Debtor, any holder of claims against the Debtor, and the parties to the Pending Proceedings, whether judicial or extrajudicial, statutory or non-statutory, against or in respect of the Debtor or the Petitioners or affecting the Debtor's property within the territorial jurisdiction of the United States are hereby stayed and suspended except with the written consent of the Debtor and the Petitioners, or leave of this Court, provided that nothing in this Order shall: (i) enjoin a police or regulatory act of a

5

governmental unit, including a criminal action or proceeding; (ii) empower the JPLs or the Debtor to carry on any business for which it is not lawfully entitled to carry on; or (iii) exempt the JPLs or the Debtor from compliance with statutory or regulatory provisions relating to health, safety, or the environment.

3. The stay of creditor actions to be sought in this case would only apply to the Debtor and in no way would stay creditor actions against BMX Holdings, LLC, BMX Bermuda Holdings, Ltd., Mr. Lindberg, Global Growth or any non-debtor entity potentially affiliated with the Debtor. In addition, the stay of creditor actions to be sought in this case in no way stays the action styled *Universal Life Insurance Company v. Greg E. Lindberg,* Case No. 1:20-cv-00681 (M.D.N.C.).

4. Neither BMX Holdings, LLC, nor BMX Bermuda Holdings, Ltd., nor Greg E. Lindberg, nor Global Growth, nor any non-debtor entity potentially affiliated with the Debtor, nor any holder of a claim against the Debtor nor any party to any of the Pending Proceedings shall discontinue, fail to honor, alter, interfere with, suspend, withdraw, accelerate, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, license or permit in favor of or held by the Debtor or in connection with any of the Debtor's property, except with the written consent of the Petitioners, or leave of the Bermuda Court, or unless such contract, agreement or license expired by its own terms without acceleration or declaration of a default.

5. The security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, made applicable to this case by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are inapplicable to the relief sought and granted herein.

6. This Order is without prejudice to the right of the Petitioners to seek additional relief under applicable provisions of the Bankruptcy Code including, without limitation, section 1519 of

6

the Bankruptcy Code and without prejudice to the right of the Petitioners to seek any remedy or to pursue any further relief.

7. Notwithstanding any provision in the Bankruptcy Rules to the contrary:  (a) this Order shall be effective immediately and enforceable upon entry; (b) the Petitioners are not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Petitioners are authorized and empowered, and may, in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

8. All parties in interest wishing to be heard may appear at a telephonic hearing before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, at 1:00 p.m. EST on December 17, 2020 (the "Hearing") to show cause why the Provisional Relief Order extending the stay relief granted in this Order beginning on the date the Court enters such Provisional Relief Order and continuing for so long as the stay imposed in the Bermuda Proceeding remains in effect in respect of the Petitioners, the Debtor and its property to the fullest extent possible under section 362(a) of the Bankruptcy Code should not be granted.  Parties may register to participate in the Hearing through Court Solutions at www.court-solutions.com.

9. Objections, if any, shall be submitted in writing for the purpose of opposing the Petitioners' request for a Provisional Relief Order and must be filed, with the Court, by December 11, 2020 at 4:00 p.m. and a copy served on Stevens & Lee, P.C., 485 Madison Avenue, 20th Floor, New York, New York 10022 (Attention: Nicholas F. Kajon, Constantine D. Pourakis and Andreas D. Milliaressis; email: nfk@stevenslee.com, cp@stevenslee.com and adm@stevenslee.com), counsel to the Petitioners. In the event that no response or objection is filed, the Court may consider the entry of the Provisional Relief Order without a hearing.

7

10. This Court retains jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order, its implementation or otherwise arising from or related to this case.

11. The Petitioners are hereby authorized and empowered to take any action or perform any act necessary to implement and effectuate the terms of this Order.

12. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.

13. Notice of the entry of this Order and supporting documents shall be served on December 4, 2020 by next business day delivery on the Notice Parties (as defined in the *Application by Joint Provisional Liquidators Rachelle Frisby and John Johnston for Order (I) Scheduling Hearing on Verified Petition of Northstar Financial Services (Bermuda), Ltd. (in Provisional Liquidation) and Motion for Recognition and Related Relief and (II) Specifying Form and Manner of Service of Notice)*, which includes: (a) the Office of the United States Trustee for the Southern District of New York, (b) Counsel for Plaintiffs in *Southland National Insurance Corporation, et al. v. Greg E. Lindberg, et al.*: Wes J Camden, Esq., Williams Mullen, (c) Counsel to Edward Mill Asset Management, LLC: Everett Gaskins Hancock, LLP, attn.: Michael J. Byrne, Esq., (d) Counsel for Greg E. Lindberg and other Defendants in *Southland National Insurance Corporation, et al. v. Greg E. Lindberg, et al*: Condon Tobin Sladek Thornton PLLC, attn.: Jared Pace, Esq. and Aaron Z. Tobin, Esq., (e) Counsel for Universal Life Insurance Company: Clyde & Co., attn.: Michael A. Knoerzer, Esq., (f) Cervantes Hodges Law Firm, (g) BMX Holdings, LLC, (h) BMX Bermuda Holdings, Ltd., (i) PBX Holdings, LLC, (j) PBX Bermuda Holdings, Ltd., (k) SunTrust Investment Services, Inc., (l) Counsel for claimants in *Gustavo Ortega Trujillo and Priscilla Illingworth Ashton v. SunTrust Investment Services, Inc.,* FINRA DR Arbitration No.20-

02941, Soreide Law Group PLLC, attn: Lars Soreide, Esq., (m) all entities against whom provisional relief is being sought under §1519 of the Code, (n) all other parties that request notice in this case pursuant to Bankruptcy Rule 2002 prior to the date of such service and (o) all other parties that this Court may direct, which shall constitute adequate and sufficient service and notice.

Dated: December 3, 2020
       New York, New York

                            /S/ Shelley C. Chapman
                            UNITED STATES BANKRUPTCY JUDGE